**UNITED STATES of America, Appellee,**

v.

**Anthony TEMPLE, Appellant.**

**No. 89–1267.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1989.

Decided Dec. 4, 1989.

Rehearing Denied Jan. 19, 1990.

Lena A. Conley, St. Louis, Mo., for appellant.

Debra E. Herzog, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Appellant Anthony Temple, appeals from a jury verdict finding him guilty of possession of cocaine with an intent to distribute, in violation of 21 U.S.C. § 841(a)(1). For reversal, Temple argues, first, that the evidence against him was insufficient to support the jury's verdict of guilty, and second, that the district court erred in failing to find that he had established a prima facie case of race discrimination in the selection of the jury panel under *Batson v.*

*Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We affirm.

## I.

On April 4, 1988, two detectives from the St. Louis Police Department set up a surveillance near an alley in an area where there had been reports of narcotics trafficking. Equipped with binoculars, the detectives were able to observe a group of individuals, including appellant Anthony Temple, in the alley.

Shortly after setting up their surveillance location, the detectives observed a man approach Temple and hand Temple some currency. After Temple pocketed the currency, he bent down and removed a plastic bag from his sock. From the plastic bag, he removed an unidentifiable object which he then handed to the other individual. Approximately twenty minutes later, another individual approached Temple and the same series of events occurred. One of the detectives described these activities as consistent with "street dealing" of narcotics.

After observing these activities for approximately thirty minutes, the detectives drove their unmarked vehicle into the alley towards Temple. When Temple saw the approaching car, he threw an object which he had taken out of his sock. The object was subsequently recovered and was found to be a clear plastic bag containing four smaller packages. The content of the packages was later determined to be crack cocaine. Temple was arrested and a search incident to the arrest revealed $530.00 in currency in Temple's possession. No cocaine was found on Temple's person.

Temple was charged, booked and released. The following day he contacted one of the detectives indicating that he had lost his beeper in the back seat of the police car following his arrest. Testimony introduced at trial indicated that narcotics traffickers commonly carry such electronic paging devices to communicate with their suppliers and customers.

## II.

■ Temple first argues that the evidence presented against him at trial was insufficient to support a conviction of possession of cocaine with intent to distribute. The standard of review regarding the sufficiency of the evidence is well established. The reviewing court must examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences. The verdict can only be reversed if the court concludes that a reasonable fact finder could not have found the defendant guilty beyond a reasonable doubt. *See, e.g., United States v. Matra*, 841 F.2d 837, 840 (8th Cir.1988); *United States v. Parrino*, 816 F.2d 414, 417 (8th Cir.1987). The evidence need not exclude every reasonable hypothesis of innocence, but simply "be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty." *United States v. Holm*, 836 F.2d 1119, 1122 (8th Cir.1988).

In order to convict Temple of a violation of 21 U.S.C. § 841(a)(1), the government had to prove that Temple knowingly possessed cocaine with the intent to distribute it. Temple argues that the evidence was insufficient to show, (1) that he knowingly possessed cocaine; and (2) that he had the intent to distribute it.

We have held that proof of constructive possession is sufficient to satisfy the element of knowing possession under § 841(a)(1). *United States v. Matra, supra*, 841 F.2d at 840. Constructive possession has been defined as knowledge of presence plus control. *Id.* A person has constructive possession of contraband if he has "ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed." *Id.*

Having carefully reviewed the record, we conclude that the evidence is sufficient to establish that Temple had either actual or constructive possession of the cocaine. After observing what appeared to be narcotics transactions, the detectives approached Temple and saw him retrieve an object from his sock and throw it. The object was recovered and was shown to be a package containing four individually wrapped pieces of crack. Based on the record as a whole, we are satisfied there is ample evidence of possession to support Temple's conviction.

The record also contains sufficient evidence to support Temple's conviction with respect to the second element of the § 841(a)(1) offense, intent to distribute. This court has found that the intent to distribute may be established by either direct or circumstantial evidence and may be inferred from such things as "the possession of a large quantity of a controlled substance, its high purity level, the presence of paraphernalia used to aid in its distribution, large sums of unexplained currency, and the presence of firearms." *Id.* at 841. Furthermore, this court has found that the packaging of a controlled substance in a manner commonly used in illegal street distribution also supports an inference of intent to distribute. *See United States v. Franklin*, 728 F.2d 994, 1000 (8th Cir.1984).

Here, Temple was seen throwing an object containing four separate packages of crack cocaine. According to the testimony at trial, these packages were the type commonly used for street distribution. Additionally, during the thirty minute surveillance prior to Temple's arrest, the detectives observed what they believed, based on their many years of experience, to be two separate narcotics transactions conducted by Temple. When Temple was arrested he had $530 in currency in his possession. This evidence amply demonstrates Temple's intent to distribute the cocaine.

## III.

■ Finally, Temple, who is black, argues that the government unconstitutionally exercised its peremptory challenges by using two of its seven peremptory strikes to remove two of the four black veniremen from the jury panel. The district court ruled that Temple had failed to make a prima facie case of discrimination under *Batson* and therefore did not require the government to provide reasons for its peremptory challenges.

In *Batson v. Kentucky, supra*, the Supreme Court held that the equal protection

clause bars prosecutors from challenging potential jurors "solely on account of their race." *Id.* 476 U.S. at 89, 106 S.Ct. at 1719. In order to overcome the presumption that the jury selection was lawful, *see United States v. Iron Moccasin,* 878 F.2d 226, 228 (8th Cir.1989), a defendant must first establish a prima facie case of purposeful discrimination in selection of the jury panel. *Batson, supra,* 476 U.S. at 94–98, 106 S.Ct. at 1721–24.

Temple's argument that there exists a prima facie case of unconstitutional racial discrimination rests solely on the exclusion of two of four potential black jurors from the panel. This court has held that numbers alone neither negate nor affirm a prima facie case of discrimination. *See e.g., United States v. Hughes,* 880 F.2d 101, 103 n. 3 (8th Cir.1989); *United States v. Johnson,* 873 F.2d 1137, 1140 (8th Cir.1989). Although numbers alone will not constitute such a showing, "the rate at which black veniremen are struck compared to whites *with other relevant evidence* may weigh in determining whether a defendant has established a prima facie case." *United States v. Johnson, supra,* 873 F.2d at 1140 (emphasis supplied).

Temple presents no other facts or circumstances leading to an inference of a prima facie case of discrimination. Without more, Temple's reliance on the fact that the government used two of its seven peremptory challenges to exclude two of the four potential black jurors is insufficient to establish the requisite prima facie showing under *Batson.*

We conclude that the facts and circumstances of this case do not raise the necessary inference of discrimination. *See United States v. Fuller,* 887 F.2d 144 (8th Cir. 1989); *United States v. Washington,* 886 F.2d 154, 156 (8th Cir.1989). The district court did not err in finding that Temple had failed to establish a prima facie case.

Based on the foregoing, we affirm the decision of the district court.