UNITED STATES of America, Appellee,

v.

Raymond S. MATHA, Appellant.

No. 90–1657.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1990.

Decided Oct. 5, 1990.

---

Richard A. Fredman, St. Louis, Mo., for appellant.

Edward J. Rogers, St. Louis, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges and WOODS,* District Judge.

* The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

PER CURIAM.

Raymond S. Matha appeals his conviction for knowingly and intentionally distributing heroin in violation of 21 U.S.C. § 841(a)(1). Matha raises two issues on appeal. First, he contends that the government impermissibly struck black members of the venire for racial reasons. Second, Matha contends that the district court erred in making an upward departure from the Sentencing Guidelines in imposition of the sentence. We affirm.

## I. *The Batson Issue*

Matha contends that his trial was unconstitutional because the government impermissibly struck blacks from the venire, in violation of his federally protected rights enunciated in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

There were five black persons on the panel of thirty-one persons from whom the jury was selected in this case. The government used three of its seven peremptory challenges to strike black women, thus striking 60% of the blacks from the venire. The defendant made a timely *Batson* objection and the trial judge, assuming that Matha had established a prima facie case, required the government to articulate a non-discriminatory reason for each of the three strikes of black jurors.

It is a violation of the equal protection clause to strike even one black juror if the strike was made for racial reasons.

In remanding this case, we emphasize that under *Batson*, the striking of a single black juror for racial reasons violates the equal protection clause, even though other black jurors are seated, and even when there are valid reasons for the striking of some black jurors.

*United States v. Battle*, 836 F.2d 1084 (8th Cir.1987).

■ The person alleging the unlawful exclusion of black persons from the jury must carry the initial burden of establishing a prima facie case of purposeful discrimination. *Batson,* 476 U.S. at 94, 106 S.Ct. at 1721. This Court has held that the movant cannot carry the burden of establishing a prima facie case with numbers alone. "Thus it is important that the defendant come forward with *facts,* not just number alone, when asking the district court to find a prima facie case." *U.S. v. Moore,* 895 F.2d 484, 485 (8th Cir.1990) [emphasis original]. *U.S. v. Dawn,* 897 F.2d 1444, 1448 (8th Cir.1990) ("[A] defendant who requests a prima facie finding of purposeful discrimination is obligated to develop a record, beyond numbers, in support of the asserted violation"); *U.S. v. Lewis,* 892 F.2d 735, 736 (8th Cir.1989) ("[R]eliance on percentages (such as 50%) alone does not make out a [*Batson* ] prima facie case under any standard."); *U.S. v. Temple,* 890 F.2d 1043, 1046 (8th Cir.1989) (It was insufficient for the movant to rely upon the fact that the government struck two of four black veniremen when no other facts or circumstances were presented to support an inference of intentional discrimination.); *U.S. v. Johnson,* 873 F.2d 1137, 1140 (8th Cir.1989) ("Numbers alone neither make a prima facie case nor negate a prima facie case.").

■ The determination of whether the defendant has made a prima facie case under *Batson* and the determination of whether the government's explanation for its strikes is pretextual is a finding of fact, subject to great deference. Those findings will be set aside only for clear error. *United States v. Moore,* 895 F.2d 484 (8th Cir. 1990).

The trial court found that the reasons advanced by the government in this case were not pretextual. That finding is entitled to "great deference." It cannot be said to be clearly erroneous.

II. *Upward Departure*

■ Matha's second contention on appeal is that the trial court erred in making an upward departure from the Sentencing Guidelines in imposing his sentence. This Court reviews a trial court's decision to make an upward departure for abuse of discretion. *United States v. Carey,* 898 F.2d 642 (8th Cir.1990).

■ The Sentencing Guidelines include a policy statement addressing the adequacy of the defendant's criminal history as calculated under the guidelines.

A departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history of the likelihood that the defendant will commit further crimes. Examples might include the case of a defendant who ... committed the instant offense while on bail or pretrial release for another serious offense. . . .

Sentencing Guidelines § 4A1.3.

In this case, the trial court found that the defendant's criminal history significantly under-represented the seriousness of his criminal history *and* that the defendant was likely to commit further crimes.

The district court relied on the pre-sentence report in its findings, indicating that Matha had committed the federal drug offense for which he was being sentenced while awaiting trial in state court on a four-count drug charge. We cannot say that the district court abused its discretion in making an upward departure from the Sentencing Guidelines.

Accordingly, the judgment of the district court is affirmed.