UNITED STATES of America, Appellee,

v.

Ernesto GUTIERREZ–SILVA, Appellant.

No. 92–2663.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 10, 1992.

Decided Jan. 6, 1993.

**124**

Arthur R. Martinez, Minneapolis, MN, argued, for appellant.

Chris J. Bebel, Minneapolis, MN, argued, for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and VAN SICKLE,[*] Senior District Judge.

VAN SICKLE, Senior District Judge.

Appellant, Ernesto Gutierrez–Silva, was indicted on February 20, 1992, on three separate counts. Count I of the indictment charged Appellant and Arcila–Romero with possession of more than 500 grams of cocaine with intent to distribute while aiding and abetting each other. Count II charged Appellant and Arcila–Romero with conspiring to possess over 500 grams of cocaine with intent to distribute. Count III charged Appellant with the use of a firearm during and in relation to a drug trafficking crime. Following a three day jury trial before the Honorable David S. Doty, Appellant was convicted on all three counts. This appeal is from the third count.

We affirm.

FACTS

On February 8, 1992, Appellant's one room basement apartment at 6805 Penn Avenue South, Richfield, Minnesota was searched in execution of a search warrant. When agents arrived Appellant attempted to escape through a window in the apartment; however, he was detained by agents outside the window. The agents read Appellant his *Miranda* rights in both English and Spanish twice that evening, and Appellant acknowledged both times that he understood his rights in both languages. Agent Munoz, United States Customs Service, asked Appellant if he had any weapons. Appellant indicated that he had a weapon in a nearby closet. Agent Munoz found an unloaded Star 9 millimeter handgun in the closet under some clothing within three or four seconds.

After searching the apartment, agents found approximately 770 grams of cocaine and $6,035 in currency. Both, the cocaine and the currency, were in a gym bag. Agents found another $4,000 in clothing that belonged to Appellant.

At trial Special Agent Boulger of the Minnesota Bureau of Criminal Apprehension testified that drug dealers keep weapons for two main reasons: one, to protect their drugs and money; and two, to protect themselves. He further testified that it is very difficult for a person to determine whether a gun was loaded or not when the gun is pointed at that person. Therefore, Appellant may be able to use an unloaded gun to facilitate his drug operation.

Appellant claimed at trial that he had purchased the gun because he enjoyed collecting guns. However, only one firearm was found at his home.

[*] The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

## DISCUSSION

■ This court has held that the agents do not need to find a drug-trafficker using the weapon in order to convict the drug-trafficker under 18 U.S.C. § 924(c)(1). *United States v. Townley*, 929 F.2d 365, 368 (8th Cir.1991). It is sufficient to show "the weapon's proximity to the drugs and its accessibility...." *Id.* Also, it has been determined that the decision of the District Court must be reviewed "in the light most favorable to the government, giving it the benefit of all reasonable inferences...." *United States v. Matra*, 841 F.2d 837, 840 (8th Cir.1988) (citing *United States v. Parrino*, 816 F.2d 414, 417 (8th Cir.1987)).

■ Appellant has alleged that because the gun was unloaded and the apartment contained no ammunition for the gun, the evidence was insufficient to support a sixty-month consecutive sentence. However, this court has held that "section 921(a)(3) does not require a firearm to be operable." *United States v. York*, 830 F.2d 885, 891 (8th Cir.1987). The statute only requires that the "weapon ... is designed to ... expel a projectile by the action of an explosive...." *Id.* *See also* 18 U.S.C. § 921(a)(3). The weapon found in Appellant's apartment met this requirement.

■ In the case at bar, Appellant knew exactly where the weapon was located. The weapon met all of the necessary requirements of a "firearm" within the meaning of the section 921(a)(3). With his description the agent was able to obtain possession of the weapon within three or four seconds. Therefore, the weapon was quickly accessible, and the weapon was stored in close proximity to the drugs. When reviewing the evidence most favorable to the government, there is sufficient evidence to uphold the conviction and the sixty-month consecutive sentence.

For these reasons we affirm.