UNITED STATES of America, Appellee,

v.

Demetress WESLEY, Appellant.

UNITED STATES of America, Appellee,

v.

Damon JOURNEY, Appellant.

Nos. 92–2751, 92–2799.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1993.

Decided March 30, 1993.

Rehearing and Rehearing En Banc
Denied May 19, 1993.

**362**

James Knappenberger, Clayton, MO, argued, for Demetress Wesley.

John F. Garvey, Jr., St. Louis, MO, argued, for Damon Journey.

John Ware, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before LOKEN, and HANSEN, Circuit Judges, and VAN SICKLE *, Senior District Judge.

VAN SICKLE, Senior District Judge.

A two-count indictment charged both Appellant Wesley and Appellant Journey with (I) possessing with intent to distribute 50 grams or more of cocaine base, in violation of Title 21, United States Code, section 841(a)(1) and 841(b)(1)(A) and (II) using a firearm during and in relation to a drug

* The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

trafficking crime, in violation of Title 18, United States Code, sections 2 and 924(c)(1). Appellant Wesley moved to suppress evidence and statements and a hearing was held before Magistrate Noce. Magistrate Noce recommended that Appellant Wesley's motions be denied; and the district court [1] adopted Magistrate Noce's findings and recommendations.

## FACTS

After a week-long surveillance, which was prompted by a confidential informant's tip, Detective Reed obtained a state search warrant for 1337 Clara in St. Louis, Missouri. When the officers arrived, they found Appellant Wesley and Appellant Journey asleep. Wesley was on the floor in street clothes, and Journey was on a cot in pajamas. The officers found a fully loaded .38 caliber blue steel revolver on the floor between both appellants and within the reach of both appellants. Pagers were found for each appellant, and there was a cellular telephone on the bedstand.

The police found a shoebox full of money with bills of various denominations totaling one thousand dollars. In the closet of the bedroom the police found 128.72 grams of crack cocaine hidden in a purple "Crown Royal" bag. The purity of the cocaine varied from 84 to 99 percent.

Both appellants were arrested and advised of their rights. Appellant Wesley denied knowledge of the drugs at first but then stated that he was holding them for another individual.

Appellant Wesley claimed that the two pagers and portable telephone were his property. The records of the portable telephone company and the records of the pager store indicated that Appellant Journey was the purchaser of these items. Appellant Journey stated that 1337 Clara was his home address.

Appellant Wesley testified on his own behalf and denied possessing the gun or the cocaine base, denied living at 1337

Clara, and denied making any statements to the police at the time of his arrest. He admitted to having a prior conviction for possession of cocaine base and a weapons charge only after having his memory refreshed.

Appellants raise numerous issues on appeal. The court will examine each issue separately with a reference to the proper standard of review.

## DISCUSSION

### 1. Constitutionality of 21 U.S.C. § 841(a)(1).

■ Appellant Journey alleges that 21 U.S.C. § 841(a)(1) when read with 21 U.S.C. § 841(b)(1)(A)(iii) is unconstitutional because it violates the due process rights of the party charged. The question of whether a statute is constitutional is a question of law and must be reviewed de novo. *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir.1988). *See also, United States v. Manthei*, 979 F.2d 124, 128 (8th Cir.1992) (McMillian, dissenting).

In relevant part, 21 U.S.C. § 841 states: (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

. . . . .

(b) Penalties

Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows: (1)(A) In the case of a violation of subsection (a) of this section involving—

. . . . .

(iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;

. . . . .

such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life....

21 U.S.C. § 841 (1992) (in part).

The Appellant contends from reading the applicable portions of section 841(a) and 841(b), that the jury is required to presume that if the party possessed 50 grams or more of cocaine base, that party was selling the drugs. The statute, however, does not create that presumption.[2] The statute sets forth guidelines for punishment; it does not make any presumptions which may or may not be rebutted.

Therefore, once again this court will declare 21 U.S.C. § 841 constitutional. *See United States v. Richardson*, 477 F.2d 1280, 1281 (8th Cir.), *cert. denied*, 414 U.S. 843, 94 S.Ct. 104, 38 L.Ed.2d 82 (1973).

### 2. Admissibility of the Warrant Affidavit.

■ Appellant Wesley contends that the court should not have allowed Detective Reed to read a portion of his affidavit[3] at

---

**2.** Appellant cites two cases in which statutes created a presumption. *Tot v. United States*, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943) and *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). In *Tot*, the statute stated: "... the possession of a firearm or ammunition by any such person shall be presumptive evidence that such firearm or ammunition was shipped...." *Tot*, 319 U.S. at 464, 63 S.Ct. at 1243. Similarly, the *Leary* statute states: "Whenever, on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession...." *Leary*, 395 U.S. at 30, 89 S.Ct. at 1545.

**3.** The trial court allowed Detective Reed to read the following portion of the affidavit into the record:

The informant related at this time that he/she had occasion to be inside the residence locationed [sic] at 1337 Clara to purchase drugs within the past 24 hours. While inside the premises, he/she observed that controlled substance, cocaine in rock and powder form, was being sold and kept by a subject known to the informant as Andra Journey, a black male, 25 years of age and Demetress Wesley, black male, 22 years of age. These subjects are unknown to this officer. It was also related that the controlled substances are constantly being relocated within the residence to prevent the location of their move—the location of them by the buyers who frequent that—this location.
(Transcript of Trial at 65–66).

the trial because it is hearsay. The Appellee states that the reason for reading the portion of the affidavit into the record was not for the proof of the matter asserted but instead was to uphold the credibility of Detective Reed.

At trial Detective Reed was asked by Appellant Journey to refer to his affidavit supporting the search warrant which was marked by the appellants for identification purposes as Exhibit C. Detective Reed was requested to read the statements of the search warrant to himself but to state which names were referenced in the warrant. Neither the government nor Appellant Wesley objected to the use of the affidavit. Exhibit C was not offered or received into evidence by the court.

Appellant Wesley alleged during the trial that the activities supporting the warrant were based on his activity at 5424 Bartmer not at 1337 Clara. The trial court allowed the prosecution to read into the record the portion of the affidavit which explained that the warrant was truly based on activity at 1337 Clara.

Furthermore, both appellants referred to the affidavit when examining the witness. That portion which was read into the record was not harmful to the overall case of the appellants and merely acted to uphold the credibility of Detective Reed.

■ Finally, we agree with Appellee that even if it were improper to have allowed the paragraph of the affidavit to be read into evidence, the error was harmless. Wesley admitted to possession of the cocaine base, and the portion of the affidavit read into the record did not affect the other evidence brought forth at trial.

### 3. Sufficiency of the Evidence.

Both appellants allege that the evidence supporting their convictions under count one was insufficient, and Appellant Wesley contends that the evidence supporting his conviction under count two was also insufficient. When reviewing a charge of sufficiency of the evidence, the court "must examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences."

*United States v. Temple*, 890 F.2d 1043, 1045 (8th Cir.1989). Reversal is only proper when "the court concludes that a reasonable fact finder could not have found the defendant guilty beyond a reasonable doubt." *Id.* The evidence needs to "be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty," and does not need to "exclude every reasonable hypothesis of innocence." *Id.*

a. Possession with the Intent to Distribute.

■ Count I of the indictment charged appellants with possessing with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). In relevant part, 21 U.S.C. § 841 states: "(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; ...." 21 U.S.C. § 841(a)(1) (1992).

■ This court has held that possession may be actual or constructive. *United States v. Swinney*, 970 F.2d 494, 497 (8th Cir.1992). One has constructive possession if that person has "knowledge of the presence [of the contraband] plus control" or "ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed." *Temple*, 890 F.2d at 1045. "It is enough if one person is sufficiently associated with another having physical possession that he is able to produce a controlled substance for a customer." *Swinney*, 970 F.2d at 497.

■ Upon reviewing the evidence in the light most favorable to the government, the court finds that the evidence presented at the trial was sufficient to support the convictions. In order to convict a defendant under 21 U.S.C. § 841, the trier of fact must find that the evidence supports that (1) the defendant knowingly possessed cocaine and (2) that defendant intended to

distribute the cocaine. *United States v. Matra,* 841 F.2d 837, 840 (8th Cir.1988).

 Appellant Wesley admitted to knowledge and control over the substance. (R. at 36.) At trial it was established that the net weight of the cocaine found in 1337 Clara was 128.72 grams. (R. at 81.) Possession of such a substantial quantity of crack cocaine is some evidence of an intent to distribute. *See United States v. Keeper,* 977 F.2d 1238, 1241 (8th Cir.1992) (7.41 grams of crack cocaine together with weapons and cash sufficient evidence for possession with intent to distribute). *See also United States v. Knox,* 888 F.2d 585, 588 (8th Cir.1989) (14.3 grams of crack cocaine together with nearly $5,000 cash sufficient to prove intent to distribute). Furthermore, he was found to have a beeper or pager on his pants which connected him to Appellant Journey. The presence of the money, the gun, and the pagers are sufficient to indicate that he intended to distribute the cocaine. *See Temple,* 890 F.2d at 1045.

 Appellant Journey had at least constructive possession of the cocaine. The cocaine was found in Appellant Journey's bedroom; therefore, he had the "ability to reduce [the cocaine] to actual possession...." *See Swinney,* 970 F.2d at 497. Furthermore, pagers were rented in Journey's name and a cellular telephone was found in his name. The records of the telephone calls made by the cellular telephone indicated that the pagers had been called often. A gun and a box of money were also found in the room. This is sufficient to indicate that Appellant Journey also intended to distribute cocaine. *See Temple,* 890 F.2d at 1045.

b. Use of a Firearm in Relation to Drug Trafficking.

 Appellant Wesley was convicted under count two of the indictment of using a

firearm during and in relation to a drug trafficking crime. He alleges that the evidence was insufficient to support the conviction. 18 U.S.C. § 924(c)(1) reads in relevant part: "Whoever, during and in relation to any crime of violence or drug trafficking ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years...." 18 U.S.C. § 924(c)(1) (1992).

This court has interpreted 18 U.S.C. § 924 to include the "presence and ready availability of a firearm at a house where drugs are dealt...." *United States v. Sykes,* 977 F.2d 1242, 1248 (8th Cir.1992). Detective Reed testified that the gun was found between the two appellants on the floor. The gun was, therefore, present and readily available. Furthermore, Detective Reed testified that, based on the tip by his confidential informant, he kept the house at 1337 Clara under surveillance. His surveillance revealed activity which indicated drug trafficking. Also, the cocaine base was found in the room closet. This court has previously held that the government need not show that the drug trafficker had the weapon in hand but merely that the weapon was in a close proximity to the drugs. *United States v. Gutierrez–Silva,* 983 F.2d 123 (8th Cir.1993). In this case the drugs and the money were in the same room with the gun. This is sufficient evidence to substantiate the conviction of Appellant Wesley on count two.

*4. Admissibility of Prior Convictions.*

 Cross-examination of Appellant Wesley brought out some of the facts surrounding a prior conviction.[4] The trial

---

**4.** The dialogue between Ms. McGarry and Mr. Wesley states in part:

Q. You were placed on probation for two different things; is that right?
A. Yes.
Q. One was for possession of cocaine, crack cocaine?
A. I'm not for sure. I know there was a weapon. I don't know if there was crack cocaine or was it marijuana.

Q. Was in your possession with regard to the gun a .38 caliber revolver? [sic]
A. Could you repeat that?
Q. Was the charge that you were placed on probation for a .38 caliber revolver with regard to the gun?

court has broad discretion in determining whether to admit the evidence concerning a prior conviction. *Sykes,* 977 F.2d at 1246. When reviewing whether the circumstances of a prior conviction was properly admitted, the court may overturn the district court's opinion only if the evidence had no bearing on the case. *Id.*

On direct examination Appellant Wesley admitted that he had a prior conviction and was currently on probation for the possession of a controlled substance and possession of a firearm.[5] The cross examination then inquired into what type of gun was involved in the prior conviction which prompted an objection. The court did not state the basis for overruling the objection.

■ Under Rule 609(a) of the Federal Rules of Evidence the accused may be questioned about a prior conviction. *See* Fed.R.Evid. 609(a). The questions may include whether a conviction was obtained, when the conviction was obtained, and what the conviction was for. *United States v. Dow,* 457 F.2d 246, 250 (7th Cir. 1972). The standard of review on appeal is an abuse of discretion standard. *United States v. Finch,* 842 F.2d 201, 202 (8th Cir.), *cert. denied,* 487 U.S. 1239, 108 S.Ct. 2911, 101 L.Ed.2d 942 (1988).

In this case, the trial court allowed the prosecution to question Appellant Wesley about the gun used in the prior conviction. The prior conviction was for possession of a firearm. The trial court did not abuse his discretion by allowing this question and

answer. *Id.* (whether the assault during a robbery involved the use of a shotgun).

■ This testimony is also allowed under Rule 404(b). This court has set forth a four step analysis to determine whether prior convictions are admissible under Rule 404(b) of the Federal Rules of Evidence. The evidence must be "(1) relevant to a material issue; (2) of crimes similar in kind and reasonably close in time to the crime charged; (3) sufficient to support a jury finding that the defendant committed the other crimes; and (4) more probative than prejudicial." *Sykes,* 977 F.2d at 1246 (quoting *United States v. Yerks,* 918 F.2d 1371, 1373 (8th Cir.1990)).

The information extracted concerning Appellant Wesley's prior conviction meets all of the four parts. It was relevant to a material issue, the issue of whether Appellant Wesley may have used a gun in the commission of a drug crime, and it may have gone to the ownership of the gun. Second, the crimes were virtually identical in nature and only four or five months apart. (R. at 256.) Third the evidence was sufficient to support a jury finding. Finally, the information was more probative than prejudicial. Therefore, the district court did not abuse its discretion in allowing the government to cross-examine Appellant Wesley as to his prior conviction.

### 5. Accuracy of the Jury Instructions.

Appellant Wesley alleges that instructions 23, 26 and 32 were not properly supported by the facts of the case and therefore should not have been given.[6] Since

---

A. The charge?
Q. Yes.
A. Yes, it was.
 MR. REARDON: Judge, I don't know that it's proper to go into these specifics and I object to it for that reason.
 THE COURT: Well, it's all right.
Q. With regard to the drug charge, would you like to review the documents here to refresh your recollection?
A. Yes, I would.
Q. Is it true that Count 2 relates to cocaine?
A. Yes, it does.
Q. And there's nothing in that document that refers at all to marijuana, is there?
A. No there isn't.
Q. So you were placed on probation for rock cocaine and for a gun charge?

A. Now that I see here, yeah, I guess so. (R. at 256–57.)

5. At the time of the direct examination, Appellant Wesley was not certain whether it was for the possession of rock cocaine or marijuana. *See* Transcript at 252–53.

6. Instructions 23, 26 and 32 state:

INSTRUCTION NO. 23
*The Essential Elements of*
*Possession With Intent To Distribute*
 In order for the each [sic] defendant to be found guilty of possession of "crack"—cocaine base with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code as charged in Count I of the indictment, the Government must prove the

this question is one of fact, the court must review the instructions based on a standard of whether there was clear error. *See United States v. Harris,* 974 F.2d 84, 86 (8th Cir.1992).

The facts at the trial established that cocaine base had been found in the closet of the room where Appellant Wesley and Appellant Journey were staying. Appellant Wesley had knowledge of the drugs, and the evidence was sufficient to sustain a conviction on count I of the indictment. *See, supra,* section 3(a). Since the evidence was sufficient to uphold a conviction, the evidence was certainly sufficient to allow the court to instruct on the issue. Therefore, instructions 23 and 26 were proper.

Likewise, the facts at the trial established that a gun was found in the same area as the cocaine base and the money. The evidence supported Appellant Wesley's conviction under count II. *See, supra,* section 3(b). Therefore, the evidence was sufficient for the court to instruct on the issue, and instruction 32 was also proper.

### 6. *Constitutionality of 100 to 1 Sentencing Ratio.*

▇▇▇ Appellant alleges that the 100 to 1 sentencing ratio between cocaine and cocaine base, U.S.S.G. section 2D1.1(a)(3), violate the Eighth Amendment. This court has already rejected this issue. *See United States v. Winfrey,* 900 F.2d 1225, 1227 (8th Cir.1990).

### 7. *Sufficiency of Probable Cause.*

▇▇▇ Appellant Wesley contends, within part I of his brief, that Detective Reed lacked probable cause to arrest appellant, and therefore, the physical evidence and extrajudicial statements should have been suppressed. However, the court disagrees. The standard by which we must review this matter is whether the district court's decision to deny the motion to suppress the evidence was "clear error". *United States v. Gibson,* 928 F.2d 250, 253 (8th Cir.1991).

The district court determined that "the information provided to the issuing judge ... a substantial basis for believing that probable cause existed." *United States v. Wesley,* No. 91–278, slip op. at 4–5 (E.D.Mo. Jan. 7, 1992) (Order and Recommendation denying motion to suppress) (citing *United States v. Peterson,* 867 F.2d 1110, 1113 (8th Cir.1989)). The court determined that the warrant was based on information provided by a reliable informant. Furthermore, this information was then verified by Detective Reed's own observations of the premises. The affidavit supporting the search warrant properly set forth the necessary information.

following elements beyond a reasonable doubt:

*First:* the defendants possessed the "crack"—cocaine base, a controlled substance;

*Second:* the defendants possessed the controlled substance with the specific intent to distribute it, and

*Third:* that the defendant[s] did so knowingly and intentionally.

. . . . .

INSTRUCTION NO. 26

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then [in] constructive possession of it.

The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession as that term is used in these instructions is present if you find beyond reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

. . . . .

INSTRUCTION NO. 32

In order to sustain its burden of proof for the crime of using or carrying a firearm during and in relation to a drug trafficking crime, as charged in the indictment, the government must prove the following two essential elements beyond a reasonable doubt:

*One:* Each defendant committed the drug trafficking crime charged in the indictment, and

*Two:* During and in relation to the commission of that crime, each defendant knowingly used or carried a firearm.

The court then examined the search and determined that the search had been conducted properly. The search led to the properly performed arrest. The trial court next determined that the statement made by Appellant Wesley was not the subject of interrogation and that Wesley had been properly advised of his rights prior to the statement. The trial court did not commit clear error by denying the motion to suppress physical evidence and the statements made by appellant during detention. (*See* Appellant Wesley's Brief at 18).

### 8. Accuracy of Sentencing.

 Appellant Journey contends that the district court committed error by ruling that it did not have the authority to depart downward from the sentencing guidelines.[7] This court may review the district court's decision to remain within the guidelines because it believed that it could not depart downward. *United States v. Garlich*, 951 F.2d 161, 163 (8th Cir.1991). Where the reasons for the downward departure have been addressed by the Sentencing Commission, then the district court is correct in refusing to depart downward. *United States v. Whitehorse*, 909 F.2d 316, 318 (8th Cir.1990). In this particular case the Sentencing Commission did consider all of the relevant arguments for the downward departure.

 Appellant contends that due to his position in the community, family values, actual contribution in the crimes for which he was indicted, and his lack of any past criminal record, the court should have and would have departed from the sentencing guidelines. Appellant admits that each of

these reasons for departure have been fully considered in the guidelines but alleges that the guidelines fail to take all of these factors as a whole. After reading the statements of the court, we disagree. *See supra*, note 6 (court's statements at the sentencing).

For these reasons, we affirm.

---

7. The court stated:
Congress, in its own wisdom, has seen fit to pass guidelines. I recognize that fact that in many instances they are extremely harsh, so there is not a thing the Court can do about those. We are given very limited authority to do anything with regard to—Congress has really decided it wants to make the sentencing of the individuals through the Guidelines rather than having the judges do them, so I think as far as the family is concerned, they ought to know I can appreciate their interest and I can appreciate their writing and saying would I do this and would I do that. There is very little I can do.

Congress is, in essence, making me sentence for the people that come before the Court and the Court is restricted substantially in what it can do, and it can depart a little bit and go up and down, but just very little. They have taken—the Guidelines are in those books right there, and they set forth precisely what we are supposed to do.

You are requesting a downward departure based on community and family ties, a lack of prior criminal convictions, and the minimal role in the instant offense. I have to find against you on that. The Guidelines take care of all that, and there isn't anything I can do.