43 F.3d 1469
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brinston WILSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Lamar BRICE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alonzo Calvin JONES, a/k/a Calvin A. Jones, Defendant-Appellant.
 Nos. 94-5242, 94-5244, 94-5250.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 4, 1994.
Decided Dec. 23, 1994.
 
 Appeals from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., District Judge. (CR-92-328)
 ARGUED: Michele Swanberg Nelson, Assistant Federal Public Defender, Greenville, SC, for Appellant Wilson; William Banks Long, Jr., Greenville, South Carolina, for Appellant Brice; Thomas G. Nessler, Jr., Greenville, SC, for Appellant Jones. David Calhoun Stephens, Assistant United States Attorney, Greenville, SC, for Appellee. ON BRIEF: J. Preston Strom, Jr., United States Attorney, Greenville, SC, for Appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, RUSSELL, Circuit Judge, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Defendants-Appellants, Brinston Wilson, Terry Lamar Brice, and Alonzo Calvin Jones, appeal their convictions for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 846(a)(1) (Count 1), and for possession of a weapon during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c) and 2 (Count 4). Counts 2 and 3 of the indictment were dismissed by the government before trial.
 
 
 2
 Defendants Brice and Wilson, on sufficiency of evidence grounds, charge that the district court erred in denying their motion for acquittal. All defendants claim that (1) the district court erred in finding the defendants were each accountable for between 150 grams and 500 grams of crack cocaine at sentencing; (2) the sentencing disparity prescribed by the Sentencing Guidelines between powder cocaine and crack cocaine constitutes a violation of the Eighth Amendment's proscription against cruel and unusual punishment; (3) the district court erred in applying the guideline offense level pertaining to crack cocaine without first making a proportionality determination on the Guideline disparity between cocaine powder and crack cocaine as a due process and fairness matter under the Fifth Amendment; and (4) the district court erred in its finding of the quantity of crack cocaine reasonably foreseeable and attributable to appellant Jones. Finding no error we affirm the district court.
 
 I.
 
 3
 Brice and Wilson's challenge to the district court's denial of their motions for acquittal on evidentiary grounds is totally without merit. The motions, for the most part, were based on a charge of the lack of credibility of the government witnesses. These witnesses included police officers, co-conspirators, informants, undercover police officers. In addition, the government introduced audio tapes of conversations recorded at the time of purchases of crack cocaine. All of this evidence, including evidence that some of the witnesses had long criminal records and were themselves crack users, or had received some favorable treatment from government prosecutors, were weighed by the jury under proper instructions. The jury found the defendants guilty. This court reviews motions for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure by asking "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Mills, 995 F.2d 480, 483 (4th Cir.), cert. denied, 114 S.Ct. 283 (1993). Given the lack of any real deficiency in the evidence, this court is bound by the credibility choices of the jury. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. l983), cert. denied, 465 U.S. 1028 (1984). The district court acted correctly in denying the motions of defendants for acquittal.
 
 II.
 
 4
 Wilson and Brice also challenge their convictions for knowingly possessing a firearm in relation to a drug trafficking crime. The basis for the gun possession charge in count 4 against all three defendants is that when co-conspirator Jones was arrested at the S & S Cafe on October 21, 1991, a date within the time frame of the conspiracy, he had in his possession a loaded .45 caliber pistol and fifteen rocks of crack cocaine. There was other evidence that Brice sometimes carried a weapon during this conspiracy, but there was no evidence that Wilson did.
 
 
 5
 It has been determined that a defendant can be convicted of 18 U.S.C. Sec. 924(c) under the conspiracy theory even if the defendant himself never possessed a weapon, if the act of a co-conspirator so armed was reasonably foreseeable. Pinkerton v. United States, 328 U.S. 640, 647 (1946); United States v. Cummings, 937 F.2d 941, 944 (4th Cir.), cert. denied, 112 S.Ct. 395 (1991). The government presented evidence that Jones and Brice often carried guns during the time of this drug conspiracy and that Jones carried a .45 caliber automatic and Brice carried a .357 caliber revolver. These guns were observed on the persons of Jones and Brice when Wilson was with them in the narrow confines of automobiles and in the S & S Cafe. It was reasonably foreseeable to Wilson and Brice that their partner in this drug trafficking venture would be armed. The challenge to their conviction under 18 U.S.C. Sec. 924(c) is without merit.
 
 III.
 
 6
 At the sentencing hearing for all three defendants on March 15, 1994, the district court relied upon evidence taken at the trial, evidence offered at the sentencing hearing and on a "Summary of Evidence Regarding Amounts" prepared by the government.
 
 
 7
 The probation officer in paragraph 9 of each of the three presentence reports, relying on information he obtained from the United States Attorney's file and ATF, concluded that each of the defendants was accountable for 1.615 kilograms of crack cocaine. The United States Attorney, on the other hand, conceded at sentencing that "... I feel much more comfortable submitting it with a range of 500 [grams] to one point five kilograms...."
 
 
 8
 In making its determination that each of the defendants would be held accountable for 150 grams to 500 grams, the court used its discretion as it viewed the broad spectrum of evidence before it. Part of that evidence was the testimony of Earl Browning and Allen Browning, street dealers involved in the conspiracy with the defendants, that they sold about sixty-four grams of crack cocaine per week, and that Chris Simms, Joey Gist and numerous others were selling "probably the same amount or more." Even limiting the volume of crack cocaine flowing through the conspiracy at the rate indicated by the Brownings to the very short period of the conspiracy as alleged in Count 1, October 10, 1991 to October 21, 1991, the decision of the district court that the accountability of each of these three defendants was 150 grams to 500 grams was well within the range of the evidence to which the district court had access.
 
 
 9
 We review a district court's findings as to quantity of drugs attributable to a defendant only for clear error. United States v. Williams, 986 F.2d 86, 90 (4th Cir.), cert. denied, 113 S.Ct. (1993); United States v. Mark, 943 F.2d 444, 450 (4th Cir.1991). We find no error here.
 
 IV.
 
 10
 Defendants would find constitutional infirmities under the Eighth and Fifth Amendments on the disparate treatment afforded crack cocaine as against powder cocaine (1 to 100 ratio) by the Sentencing Guidelines. Defendants argue that heavy penalties exacted for crack cocaine as against the same quantity of powder cocaine is "cruel and unusual punishment" under the Eighth Amendment, and that due pro cess and fairness concepts inherent in the Fifth Amendment are similarly dislodged by this cocaine differential. As to the Fifth Amendment claim, defendants suggest a proportionality inquiry should have been made to examine whether the punishment fits the crime.
 
 
 11
 We answer all of these arguments in the negative. All of the circuits that have addressed the Eighth Amendment issue on whether the 100:1 ratio, powder cocaine to crack cocaine, promotes cruel and unusual punishment, have ruled to the contrary. United States v. Wallace, 22 F.3d 84 (4th Cir.1994); United States v. Fisher, 22 F.3d 574, 579-80 (5th Cir.), cert. denied, 63 U.S.L.W. 3386 (1994); United States v. Jones, 18 F.3d 1145 (4th Cir.1994); United States v. Bynum, 3 F.2d 769 (4th Cir.1993); United States v. Wesley, 990 F.2d 360, 367 (8th Cir.1993); United States v. Pickett, 941 F.2d 411, 419 (6th Cir.1991); United States v. Thomas, 900 F.2d 37 (4th Cir.1990); United States v. Cyrus, 890 F.2d 1245, 1248 (D.C.Cir.1989).
 
 
 12
 Likewise, the weight of authority is overwhelming that the statutes passed by Congress addressing this 100:1 ratio, and the regulations promulgated pursuant thereto, including the Sentencing Guidelines, are not arbitrary, discriminatory or irrational but are based on a proper legislative purpose, and therefore do not offend principles of due process as included in the Fifth Amendment, United States v. Lawrence, 951 F.2d 751, 755 (7th Cir.1991); Pickett, 941 F.2d at 418; Buckner, 894 F.2d 975, 978-80 (8th Cir.1990); United States v. Francois, 889 F.2d 1341, 1343 (4th Cir.1989), cert. denied, 494 U.S. 1085 (1990).
 
 
 13
 Lastly, Courts have been nearly unanimous that sentences imposed under the Sentencing Guidelines for crimes involving crack cocaine are not disproportionate to the seriousness of the offense which Congress rationally concluded necessitated a particularly heavy penalty structure. United States v. Johnson, 944 F.2d 396, 407 (8th Cir.), cert. denied, 60 U.S.L.W. 3419 (1991); Buckner, 894 F.2d at 978-80; Francois, 889 F.2d at 1343.
 
 
 14
 The judgment of the district court is accordingly
 
 
 15
 AFFIRMED.