UNITED STATES of America, Appellee.

v.

**Lisa Marie TURK, Appellant.**

No. 93–3270.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1994.

Decided April 13, 1994.

Alfredo Parrish, Des Moines, IA, argued, for appellant.

Clifford Wendel, Des Moines, IA, argued (Lester A. Paff, on the brief), for appellee.

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and STROM,* District Judge.

STROM, District Judge.

On May 7, 1993, a jury[1] found the defendant, Lisa Marie Turk, guilty of conspiring to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Turk was sentenced to sixty-three months imprisonment. Turk appeals the conviction and sentence arguing that (1) the evidence was insufficient to convict Turk of the conspiracy; (2) the district court erred in denying Turk's motion for a new trial based on newly discovered evidence; (3) the district court erred in denying Turk's motion for a mistrial; and (4) the district court erred in applying the sentencing guidelines. For the reasons discussed below, we affirm.

### Sufficiency of the Evidence

■ Turk first argues that the evidence presented at trial was insufficient as a matter of law to support the jury's verdict. To decide whether the evidence is sufficient to support a verdict, the Court views the evidence in a light most favorable to the verdict and accepts "all reasonable inferences favorable to the government that logically can be drawn from the evidence." *United States v. Grey Bear*, 828 F.2d 1286, 1291 (8th Cir. 1987), *cert. denied*, 493 U.S. 1047, 110 S.Ct. 846, 107 L.Ed.2d 840 (1990) (citing *United States v. Gleason*, 766 F.2d 1239, 1246 (8th Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 801, 88 L.Ed.2d 777 (1986)). The evidence need not " 'exclude every reasonable hypothesis of innocence.' " *United States v. Holmes*, 13 F.3d 1217, 1220 (8th Cir.1994) (quoting *United States v. Temple*, 890 F.2d 1043, 1045 (8th Cir.1989)). Rather, we will reverse a verdict only when " 'a reasonable fact finder could not have found the defendant guilty beyond a reasonable doubt.' " *Id.*

■ Turk was found guilty of conspiring to distribute marijuana. Turk does not deny a conspiracy existed. To convict Turk of the conspiracy, the jury was required to find that Turk knowingly contributed her "efforts in furtherance of the criminal ends of the conspiracy." *United States v. Frayer*, 9 F.3d 1367, 1371 (8th Cir.1993) (citing *United States v. Sykes*, 977 F.2d 1242, 1246–47 (8th Cir.1992)).

The evidence presented at trial included testimony from James Dock that Turk and co-conspirator Mike (a/k/a/ Eugenio) Gonzales, supplied Dock with marijuana from 1988 through 1989 or 1990. Dock also testified Turk traded clothes in exchange for marijuana supplied by Gonzales, Turk helped Gonzalez count money which came from marijuana sales, Turk sometimes determined the price of marijuana, and Turk often possessed large sums of money. Randy Light testified that he saw Turk with a gun and that he overheard Turk talking with one of her friends about trips to Arizona and Texas to obtain marijuana. Other evidence included testimony from Anthony Flores that Turk gave him large sums of money and that Turk told him she was stopped by a state trooper in Texas with around four hundred (400) pounds of marijuana in her car trunk. In

---

\* The Honorable Lyle E. Strom, Chief Judge, District of Nebraska, sitting by designation.

1. The United States District Court for the Southern District of Iowa, Central Division, the Honorable Harold D. Vietor presiding.

addition, Tracy Oliver testified Turk told her about large payments made to the Coast Guard to allow marijuana to pass through. Other witnesses corroborated portions of the above testimony and added testimony which supported the jury's finding that Turk was involved in the conspiracy.

Turk argues, however, that the evidence presented against her was unreliable because the witnesses who possessed first-hand knowledge of Turk's involvement were not credible. Specifically, Turk argues, both Dock and Light were convicted felons who received substantial benefits from plea bargains. Turk contends Oliver was impeached on cross-examination and was incredible because she had been previously convicted of theft.

■ The law is well-established that it is the jury's function to evaluate the credibility of a witness. *United States v. Jackson,* 959 F.2d 81, 82 (8th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 155, 121 L.Ed.2d 105 (1992). The jury in this case was informed of Light and Dock's convictions and plea bargains, as well as Oliver's conviction for theft. Given the jury's opportunity to view the witnesses, listen to the direct and cross examination, and evaluate the witnesses possible motives or biases, the jury was uniquely situated to determine whether the witnesses testimony was credible. We will not usurp the function of the jury to determine credibility absent a finding that no reasonable person could have reached the conclusion the defendant was guilty beyond a reasonable doubt.

"Once a conspiracy is established, even slight evidence connecting a defendant to the conspiracy may be sufficient to prove the defendant's involvement." *United States v. Ivey,* 915 F.2d 380, 383 (8th Cir.1990). In this case, more than slight evidence was presented and, given the standard of review, we will affirm the conviction.

### Motion for New Trial

■ On August 12, 1993, Turk filed a motion for a new trial based upon the alleged newly discovered evidence of the testimony of co-conspirator Eugenio Gonzales. Turk contends that Gonzales would have exculpat-ed Turk by testifying that she was not involved in the drug conspiracy. The district court denied the motion, stating the defendant had not established a new trial was warranted. We review the district court's decision for clear abuse of discretion. *United States v. Johnson,* 12 F.3d 827, 833–34 (8th Cir.1994) (citing *United States v. Provost,* 921 F.2d 163, 165 (8th Cir.1990) (per curiam), *cert. denied,* 499 U.S. 968, 111 S.Ct. 1603, 113 L.Ed.2d 666 (1991)).

■ In order to secure a new trial based on newly discovered evidence, Turk must demonstrate (1) the existence of new evidence, (2) due diligence, (3) the relevance of the evidence to a material issue, (4) the probability that evidence would lead to an acquittal on retrial, and (5) that the evidence "is not merely cumulative or impeaching." *Johnson,* 12 F.3d at 833 (citing *United States v. Tierney,* 947 F.2d 854, 862 (8th Cir.1991)). At the hearing on the motion for new trial, the district court held that Turk failed to demonstrate three of these requirements—that the evidence was newly discovered, that she had employed due diligence, and that the evidence would probably lead to an acquittal.

■ We agree with the district court's determination. There is nothing in the record which demonstrates that Gonzales' testimony constituted newly discovered evidence or that Turk exercised due diligence in procuring his testimony. Moreover, given the evidence against Turk presented to the jury at trial, Gonzales' testimony would probably not have led to an acquittal. The district court did not abuse his discretion in denying the defendant's motion for new trial.

### Motion for Mistrial

■ During the trial, one of the government witnesses, James Renoe, testified that some marijuana and a white rock was found in Turk's purse during a detention in 1990. This testimony violated the district court's ruling on a motion in limine that such testimony should not be offered before the court had an opportunity to determine its relevance outside the presence of the jury. The court then recessed and the defendant moved for a mistrial, which the court denied. When the jury returned, the district court advised

the jury that the portion of the testimony referring to the white rock was stricken, admonished them that they were to disregard such testimony, and told them that the white rock was not a controlled substance. The district court also allowed the prosecutor to examine the witness regarding the alleged marijuana. It is undisputed that neither substance was ever tested and was long ago destroyed. The defendant argues that the testimony about the white rock and the marijuana substantially prejudiced Turk and infringed on her right to have a fair trial.

Although we do not condone the use of a "white lie" to cure an erroneous admission of testimony, the district court's actions of striking the testimony and admonishing the jury to disregard the statement cured any harm that was done by the admission of the testimony. In *United States v. Krevsky*, 741 F.2d 1090, 1093 (8th Cir.1984), this Court held that the district court did not abuse its discretion by refusing to grant a mistrial after one of the prosecutor's witnesses testified that the defendant was involved in marijuana smuggling, in violation of a pretrial order that such testimony would be first considered outside the jury's presence. In so holding, we noted that "[t]he district court ruled that the statement was inadmissible, promptly struck the testimony and cautioned the jury." *Id.* (citing *United States v. Williams*, 604 F.2d 1102, 1126 (8th Cir. 1979)). In this case, the statement about the white rock was stricken from the record and the jury was informed that the statement was inadmissible and that they were not to consider it. These actions sufficiently cured any harm done regarding the testimony concerning the white rock. In addition, we find that the district court did not error in finding that the evidence of the marijuana seized from Turk was relevant.

### Sentencing

The district court fixed Turk's base offense level at 26. He gave the defendant a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1, and a two-level decrease for minor participant under U.S.S.G. § 3B1.2(b), arriving at a total offense level of 26, a criminal history category of I, and a

sentencing range of sixty-three (63) to seventy-eight (78) months. Turk was sentenced to sixty-three (63) months imprisonment. The defendant argues that the district court erred by enhancing Turk's sentence for obstructing justice and by failing to find Turk a minimal participant in the conspiracy.

■ A district court may use a defendant's perjury at trial to justify enhancing the defendant's sentence for obstruction of justice, so long as the court specifically finds that the defendant committed the perjury. *United States v. Willis*, 940 F.2d 1136, 1140 (8th Cir.1991), *cert. denied*, — U.S. —, 113 S.Ct. 1411, 122 L.Ed.2d 782 (1993). It is not sufficient to enhance a sentence "simply because a defendant testifies in his own behalf and the jury disbelieves him." *Id.* Rather, "the Court itself must find that the defendant committed perjury." *United States v. Holt*, 969 F.2d 685, 688 (8th Cir. 1992).

■ In this case, the district court stated that he was convinced that the defendant's denial of any involvement in drug dealing was not rationally consistent with the truth. The defendant argues that these findings are insufficient. She contends that the district court did not "make specific findings of particular false statements, and support the findings by something more than the guilty verdict." *See id.* We disagree. The judge stated that he examined Turk's testimony and was convinced that she committed perjury by denying any involvement in the drug conspiracy. Clearly, this statement represents the district court's specific finding that Turk lied when she testified she was not involved in the drug conspiracy. Accordingly, we reject Turk's argument and affirm the district court's enhancement for obstruction of justice.

■ In addition to enhancing Turk's sentence for obstruction of justice, the district court refused to grant Turk a four-level decrease for being a minimal participant. The district court did, however, give Turk a two-level reduction for her role in the conspiracy as a minor participant. This decision will not be reversed unless clearly erroneous. *United States v. Ortiz–Martinez*, 1 F.3d 662, 677

(8th Cir.1993) (citing *United States v. Regan,* 940 F.2d 1134, 1136 (8th Cir.1991)).

 To find that a defendant was a minimal participant, the commentary to section 3B1.2 explains that a district court must find that the defendant was "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment. (n. 1). The minimal participant exception is intended to be used infrequently, such as "for someone who played no other role in a very large drug smuggling operations than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." U.S.S.G. § 3B1.2, comment. (n. 2). The district court in this case stated that he could not find that Turk's level of participation was minimal as clarified by this commentary. We do not find this conclusion clearly erroneous.

Accordingly, we affirm the conviction and sentence of the appellant.