UNITED STATES of America,
Plaintiff–Appellee,

v.

Howard George GREENE,
Defendant–Appellant.

No. 93–3214.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1994.

Decided May 2, 1994.

James H. Phillips, Little Rock, AR, argued, for appellant.

Lesa Bridges Jackson, Little Rock, AR, argued, for appellee.

Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

Howard George Greene appeals from his conviction of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846 (1988). On appeal, the only issue Greene raises is that the evidence is insufficient to show that Greene conspired to possess marijuana with the intent to distribute it. We affirm the judgment of the district court.[1]

On May 12, 1992, the United States Customs Service in Brownsville, Texas, intercepted a fifty-five gallon drum containing approximately fifty-four pounds of marijuana. The drum was delivered to the Arkansas Freightways in Brownsville and was to be shipped to Rison, Arkansas. The authorities attempted to make a controlled delivery of the marijuana, but failed. Thereafter, a confidential informant, Frank Weaver, contacted the sheriff's office in Drew County, Arkansas, and told them that he had information about a shipment of a drum of marijuana. The sheriff put Weaver in contact with Drug Enforcement Administration agents, and he told them that James Thomas and Edwardo Vasquez were responsible for the shipment. Weaver contacted Vasquez and told Vasquez that the marijuana had been intercepted, but that he had stolen it and had it in his possession. Vasquez told Weaver he would come to Arkansas to pick it up and instructed Weaver to put thirty-five pounds of the marijuana into one-pound bags in a suitcase, rent a motel room in Crossett, Arkansas, and wait for him. Weaver rented a room at the Country Inn in Crossett, Arkansas, and officers rented a room next door.

Vasquez testified that when he learned that Weaver had the drum, he called a friend known to him as "Amigo," whom he later identified as Greene, and agreed to front him thirty-five pounds of marijuana. Vasquez told Weaver that he had obtained a buyer for the marijuana and planned to fly from Brownsville, Texas, to New Orleans. Greene picked Vasquez up at the airport in New Orleans, and the two men drove to Crossett. After meeting Weaver at a nearby restaurant, they drove to the Country Inn motel in Crossett, where Weaver gave Vasquez the motel-room key and left. Vasquez went to

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

the room while Greene waited outside near his car in which they had driven from New Orleans. When officers approached Vasquez, he was standing in the doorway of the motel room calling to Greene who was near the car facing toward the motel. Vasquez and Greene were arrested. An inventory search of Greene's car revealed approximately $14,000 in cash, a notebook and receipts reflecting the transfer of various sums of money.

After a jury trial, Greene was convicted and sentenced to fifteen months imprisonment.

 Greene argues that the evidence is insufficient to support a conviction. We view the evidence in a light most favorable to the verdict, accepting "all reasonable inferences favorable to the government that can be drawn from the evidence." *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Turk,* 21 F.3d 309, 311 (8th Cir.1994) (citing *United States v. Grey Bear,* 828 F.2d 1286, 1291 (8th Cir.1987), *cert. denied,* 493 U.S. 1047, 110 S.Ct. 846, 107 L.Ed.2d 840 (1990)). We do not require that the evidence "exclude every reasonable hypothesis of innocence," and reverse only when a reasonable trier of fact could not have found the defendant guilty beyond a reasonable doubt. *Turk,* 21 F.3d at 311 (quoting *United States v. Temple,* 890 F.2d 1043, 1045 (8th Cir.1989)).

Greene drove Vasquez from New Orleans to Crossett and waited by his car while Vasquez entered the motel room where he expected to find the thirty-five pounds of marijuana. Vasquez called Greene and asked him to come into the room. In addition, $14,000 in cash which was found in Greene's car supports an inference of drug dealing. *See United States v. Ortiz-Martinez,* 1 F.3d 662, 668 (8th Cir.) (conviction for conspiracy to distribute and possess with intent to distribute cocaine was supported by testimony of four witnesses implicating defendant, that defendant discussed and delivered cocaine, and that approximately $27,000 in cash was seized from defendant when he was detained), *cert. denied,* —— U.S. ——, 114 S.Ct. 355, 126 L.Ed.2d 319 (1993). Vasquez testified that he intended to front Greene thirty-five pounds of marijuana, collect $5,000, and then return to Texas. Vasquez also identified various express mail receipts and Western Union transfer receipts, all found in Greene's car, as records of the transfer of money from Greene to Vasquez. Many of these transfers were sent under various names that Greene used. These names and addresses were recorded in a notebook, also found in Greene's car, that was introduced without objection into evidence.

When viewed in the light most favorable to the jury's verdict, the evidence is sufficient to support Greene's conviction. We affirm.