UNITED STATES of America, Appellee,

v.

Kevin Lehmar COPELAND, also
known as Box, Appellant.

UNITED STATES of America, Appellee,

v.

Jerome Kenneth COLE, Appellant.

UNITED STATES of America, Appellee,

v.

Donovan Richard SHIELDS, also known
as David Julien, also known as Big Dad-
dy, also known as "D," Appellant.

UNITED STATES of America, Appellee,

v.

John Lee IVY, Appellant.

Nos. 94–1199, 94–1202, 94–
1225 and 94–1227.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Jan. 13, 1995.

Rehearing Denied Feb. 14, 1995.

Sam E. Poston, St. Louis, MO, for Copeland.

Eric W. Butts, St. Louis, MO, for Cole.

Wendell J. Sherk, St. Louis, MO, for Shields.

Douglas A. Forsyth, Clayton, MO, for Ivy.

Steven E. Holtshouser, Asst. U.S. Atty., for U.S.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

In these consolidated cases, Kevin L. Copeland, Jerome K. Cole, Donovan Shields, and John Lee Ivy appeal the sentences the district court[1] imposed after they pleaded guilty to drug and drug-related charges. We affirm.

Copeland, Cole, Shields, and Ivy were charged with conspiracy to distribute and to possess with intent to distribute cocaine and crack cocaine over a period of several years in a number of cities. Ivy formed the conspiracy in 1988, and Shields was one of Ivy's two managers supervising the activities of the conspiracy. Copeland and Cole were deemed equal in culpability as drug couriers and money transporters at a lower level of the conspiracy.

## I. COPELAND

Copeland pleaded guilty to unlawful activity in interstate commerce, in violation of 18 U.S.C. § 1952(a)(3). Pursuant to a sentencing stipulation, the parties agreed that Copeland was entitled to a 2–level reduction in his offense level for being a minor participant in the offense. The district court sentenced him to 43 months imprisonment and 2 years supervised release.

■ On appeal, Copeland argues for the first time that he was entitled to the 4–level reduction provided by U.S.S.G. § 3B1.2 for minimal participants, particularly given the large scope of the conspiracy, rather than the 2–level reduction provided for minor participants. Absent plain error, we generally do not consider issues raised for the first time on appeal. *See Fritz v. United States,* 995 F.2d 136, 137 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 887, 127 L.Ed.2d 81 (1994). In any event, we will not reverse a decision to grant a minor participant, rather than minimal participant, reduction unless it is clearly erroneous. *United States v. Turk,* 21 F.3d 309, 313 (8th Cir.1994). Given Copeland's sentencing stipulation and his failure to present any evidence on this issue, other

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

than a reference to the large scope of the conspiracy, we find no error.

## II. COLE

Cole pleaded guilty to money laundering to promote an unlawful activity through interstate commerce, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2. At sentencing, Cole argued he was a minimal participant in the conspiracy and thus was entitled to a 4-level reduction in his offense level pursuant to U.S.S.G. § 3B1.2. He argued that other defendants (such as Copeland) who were listed as "equally culpable" to him had been held responsible for much larger amounts of crack cocaine. The district court determined that Cole's participation was substantially more aggravated in the overall scheme and denied the reduction. The district court sentenced Cole to 92 months imprisonment and 2 years supervised release.

■ We review the sentencing court's factual determination of a participant's role for clear error. *United States v. Lucht*, 18 F.3d 541, 555 (8th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 363, 130 L.Ed.2d 316 (1994). Although Cole argues he was a minor or minimal participant given the conspiracy's scope, his offense level was calculated based only on the money-laundering conduct to which he pleaded guilty. He cannot have both the benefit of the smaller immediate offense in calculating his base offense level and the benefit of the larger conspiracy in determining his role. *Id.* at 556. In addition, we conclude the district court did not clearly err in finding that Cole's numerous wire transactions involving drug proceeds showed more substantial involvement than did Coleman's one-time service as a money transporter's bodyguard.

## III. SHIELDS

Shields pleaded guilty to conspiracy to distribute and to possess with intent to distribute cocaine and crack cocaine. Shields's criminal history category of IV was based on 7 criminal history points, including 2 points for a conviction for carrying a concealed weapon in a vehicle in Los Angeles in October 1988; 2 points for committing the instant offense while on probation from that convic-

tion; and 1 point for committing the instant offense less than 2 years after release from custody on that conviction. Shields filed objections to the pre-sentence report, arguing that his 1988 conviction was related to the instant offense and should not be included in his criminal history category, and objecting to the 3 additional points stemming from that conviction.

Shields renewed these objections at sentencing. He argued the 1988 conviction was similar to conduct charged in the indictment, was committed during the first year of the conspiracy in the city where the conspiracy began, and was related to the conspiracy. The district court nonetheless imposed both a firearm possession enhancement for the instant offense and a 2-level increase in Shields's criminal history score for the 1988 firearm conviction. The district court also rejected Shields's contention that the additional 3 points should not be added. The district court sentenced him to 262 months imprisonment and 5 years supervised release.

On appeal, appointed counsel moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief reiterates the issues Shields raised below—namely, that the 1988 conviction should not be counted in his criminal history score because it was conduct associated with the instant offense, rather than a "prior sentence" as defined by the Guidelines.

■ "The term 'prior sentence' means any sentence previously imposed upon the adjudication of guilt ... for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Although conduct that is part of the current offense should be counted as relevant conduct rather than as a prior sentence, conduct is not part of the instant offense when it is a "severable distinct offense." *United States v. Blumberg*, 961 F.2d 787, 792 (8th Cir.1992). In making this determination, the district court should consider several factors, including "temporal and geographical proximity, common victims, and a common criminal plan intent," and we review for clear error. *Id.* Here, the district

court noted that the firearm possessed in the 1988 weapon conviction was a .25 caliber Raven handgun, while the firearm the indictment charged Shields with possessing was a .38 caliber Rossi revolver. The district court also noted that the offenses were similar and the 1988 conviction occurred during the time of the conspiracy, but determined they were separate situations. We find no clear error, given that the firearm possession involved a different firearm, that this incident was not charged in the indictment as an act in furtherance of the drug conspiracy, and that it was not part of the conduct of conspiring to distribute crack cocaine to which Shields pleaded guilty. *See United States v. Butler*, 966 F.2d 559, 563–64 (10th Cir.1992).

■ When an *Anders* brief is filed, this court "must then itself conduct 'a full examination of all the proceeding[s] to decide whether the case is wholly frivolous'" and "only after the appellate court finds no nonfrivolous issue for appeal, may the court proceed to consider the appeal on the merits without the assistance of counsel." *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 350, 102 L.Ed.2d 300 (1988) (internal citation omitted). Having carefully reviewed the record, we find no other nonfrivolous issues suitable for appeal.

## IV. IVY

Ivy pleaded guilty to engaging in a continuing criminal enterprise. The pre-sentence report indicated 4 criminal history points—2 for tampering with a vehicle in January 1985 and 2 for taking a vehicle without the owner's consent in August 1985. At sentencing, Ivy argued that the two prior convictions were related, represented the same 100–day sentence, and should be counted together. After looking at the documents relating to the prior sentences, the district court determined they were in fact separate. Ivy then moved for a downward departure under U.S.S.G. § 4A1.3, arguing his criminal history category grossly over-represented the seriousness of his criminal history. The district court refused to depart and sentenced Ivy to 262 months imprisonment and 5 years supervised release.

■ On appeal, Ivy now argues that, under U.S.S.G. § 4A1.1(c), his second misdemeanor sentence should have been assigned 1 point rather than 2 because the sentence for that conviction was "fully and totally suspended." We review a district court's application of U.S.S.G. § 4A1.1 for clear error. *United States v. Urbizu*, 4 F.3d 636, 637 (8th Cir.1993). Section 4A1.1(b) provides that 2 points are added for each prior sentence of at least 60 days but not exceeding 1 year and 1 month; § 4A1.1(c) provides that 1 point is added for each prior sentence that is less than 60 days. A sentence that was totally suspended or stayed is assigned 1 point under § 4A1.1(c). U.S.S.G. § 4A1.2(a)(3). Criminal history points, however, are based on the sentence pronounced, not the length of time actually served. U.S.S.G. § 4A1.2, comment. (n.2). Here, it is unclear whether Ivy served two 100–day sentences or was allowed to serve one 100–day sentence for both offenses, but the sentence pronounced for the second offense was a suspended sentence with a probation requirement that Ivy spend 100 days in the county jail. "A sentence of probation is to be treated as a sentence under § 4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days was imposed." U.S.S.G. § 4A1.2, comment. (n.2). We believe Ivy's sentence merited 2 points under § 4A1.1(b), rather than 1 point under § 4A1.1(c).

■ Ivy also argues the district court erred in refusing to depart downward under U.S.S.G. § 4A1.3. A district court's refusal to depart downward under that section is nonreviewable. *United States v. Hall*, 7 F.3d 1394, 1396 (8th Cir.1993).

Accordingly, the judgments are affirmed.