UNITED STATES of America, Appellee,

v.

Morris B. KESSLER, Appellant.

No. 93–4013.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 6, 1995.

Decided Feb. 28, 1995.

Ronald E. Jenkins, St. Louis, MO (Ronald E. Jenkins and R. Henry Branom, Jr., on the brief), for appellant.

James G. Martin, St. Louis, MO (Edward L. Dowd, Jr., James G. Martin and David R. Truman, on the brief), for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Morris B. Kessler appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri. Pursuant to a plea agreement, Kessler pleaded guilty to one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371; one count of making a false statement to a federal officer, in violation of 18 U.S.C. § 1001; and one count of conspiring to defraud the State of Missouri, in violation of 18 U.S.C. § 371. The district court calculated a Guidelines sentencing range of 70 to 87 months, but granted the government's substantial-assistance motion under U.S.S.G. § 5K1.1 and departed downward, sentencing Kessler to 30 months in prison and two years of supervised release. The district court also ordered him to pay $50,000 in restitution. For reversal, Kessler argues that the district court erred in (1) denying his motion for a downward departure, (2) failing to give substantial weight to the government's evaluation of his substantial assistance, and (3) ordering him to pay more restitution than that allowed under his plea agreement. For the reasons discussed below, we affirm Kessler's sentence.

■ Prior to sentencing, Kessler filed a motion for a downward departure based on his age and health. *See* U.S.S.G. §§ 5H1.1 (age may be reason to impose sentence below applicable range when defendant is elderly and infirm, and punishment such as home confinement might be equally as efficient as and less costly than incarceration); .4 (extraordinary physical impairment may be reason to impose sentence below applicable range). Kessler submitted a supporting affidavit from one of his physicians attesting to Kessler's age and physical condition. The district court denied Kessler's motion after reviewing the applicable guidelines sections and the affidavit. Upon review of the record, we believe the district court's refusal to depart downward was an exercise of discretion. We have repeatedly held that a district court's discretionary refusal to depart downward is not reviewable. *See United States v. Trupiano*, 11 F.3d 769, 776 (8th Cir.1993). Kessler's related argument that his rights under the Confrontation Clause were violated is foreclosed by *United States v. Wise*, 976 F.2d 393, 401 (8th Cir.1992) (en banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1993). Kessler also argues he

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

was deprived of the opportunity to respond to the government's argument opposing his departure motion. He remained silent, however, when the district court gave the parties an opportunity to make further statements before ruling on the motion.

 As to Kessler's argument regarding the district court's substantial-assistance departure, we agree with the government that the argument amounts to a challenge to the extent of the departure, a matter not subject to appellate review. *United States v. Dutcher,* 8 F.3d 11, 12 (8th Cir.1993); *United States v. Sharp,* 931 F.2d 1310, 1311 (8th Cir.1991).

 Kessler's plea agreement provided that Kessler understood his sentence would be no greater than the sentence imposed on William Roussin. At sentencing, the district court noted that Roussin had been sentenced to 33 months incarceration, fined $25,000, and ordered to pay $25,000 in restitution.[2] Kessler argues that, by ordering him to pay $50,000 in restitution when Roussin was ordered to pay only $25,000, the district court imposed restitution exceeding the maximum allowed under Kessler's plea agreement. We agree with the government that Kessler failed to preserve this argument, because he made no objection at sentencing to the restitution portion of his sentence. *See United States v. Redlin,* 983 F.2d 893, 896 (8th Cir.) (party must raise claim of error with district court so court may correct itself and obviate the need for review), *cert. denied,* —— U.S. ——, 114 S.Ct. 75, 126 L.Ed.2d 44 (1993). Kessler received a prison sentence three months shorter than that of Roussin and, although Kessler was ordered to pay twice as much restitution as Roussin, the district court did not fine Kessler. Roussin's fine and restitution, on the other hand, together totalled $50,000. We do not think the district court committed any plain error affecting Kessler's substantial rights in ordering him to pay $50,000 in restitution. *See United*

*States v. Montanye,* 996 F.2d 190, 192 (8th Cir.1993) (en banc).

Accordingly, we affirm Kessler's sentence.

---

2. Roussin was sentenced by the Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.