62 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Hector CASTANEDA, also known as Hector Robles, also known as
Saul Castaneda, Appellant.
 No. 95-1855.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 3, 1995.
Filed: Aug. 9, 1995.
 
 Before FAGG, LOKEN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Hector Castaneda appeals his 100-month sentence imposed by the district court[1] after he pleaded guilty to drug charges. We affirm.
 
 
 2
 Pursuant to a plea agreement, Castaneda pleaded guilty to possessing with intent to distribute phencyclidine (PCP). The presentence report (PSR) indicated a total offense level of 27, a criminal history category of IV, and a sentencing range of 100 to 125 months. Castaneda's criminal history category was based on 8 criminal history points: 1 point for an Illinois conviction for possessing a controlled substance in December 1991; 1 point for an Illinois conviction for possessing a controlled substance in January 1992; 3 points for an Illinois conviction for possessing with intent to deliver a controlled substance in February 1992; 2 points for committing the instant offense while on parole; and 1 point for committing the instant offense less than two years after release from confinement. Although unrelated and having separate docket numbers, all three controlled substance convictions were sentenced on the same day by the same court. A sentence of one year probation had been imposed for each of the 1-point convictions, and had been "terminated, unsatisfactorily" that same day. A sentence of four years custody had been imposed for the 3-point conviction.
 
 
 3
 Castaneda objected to the PSR, arguing that he should not have received points for the two 1-point controlled substance convictions because the judgments were facially invalid under Illinois law. He argued that, because both dispositions reflected that probation was imposed and terminated on the same day without any imposition of sentence, they were not recognized as convictions or sentences under People v. Friend, 533 N.E.2d 409 (Ill.App.1988), and People v. Caballero, 464 N.E.2d 223 (Ill.), cert. denied, 469 U.S. 963 (1984). The government presented three Certified Statements of Conviction from the Circuit Court of Cook County which showed that Castaneda entered guilty pleas in each of his three controlled substance cases and that sentence was imposed in each case.
 
 
 4
 At sentencing, Castaneda additionally contended that the certified statements of conviction were further invalid because the probation disposition had no term or conditions as required by Illinois statutory law. The court disagreed with Castaneda's position, adopted the PSR in its entirety, and sentenced Castaneda to 100 months imprisonment and four years supervised release. On appeal, Castaneda maintains that his criminal history is incorrect because it is based on two facially invalid Illinois sentences.
 
 
 5
 The Guidelines provide that a "prior sentence" is any sentence imposed upon an adjudication of guilt, including a sentence of probation; probation is treated as a 1-point sentence under U.S.S.G. Sec. 4A1.1(c) unless a condition of probation requiring imprisonment of at least 60 days was imposed. U.S.S.G. Sec. 4A1.2(a)(1) & comment. (n.2); see also United States v. Copeland, 45 F.3d 254, 257 (8th Cir.1995). Although Castaneda's sentences of probation were terminated without actually being served, criminal history points are based on the sentence pronounced, not the length of time actually served. See Copeland, 45 F.3d at 257.
 
 
 6
 Here, there was a guilty plea, an adjudication of guilt, and a sentence imposed. Although Illinois law requires that conditions be imposed for probation, see Ill. Rev. Stat. ch. 730, 5-6-2 and 5-6-3, the conditions set forth in 5-6-3(a) are "automatic" so that "a certificate reflecting the imposition of such conditions would be superfluous" unless the court chooses to impose any of the additional optional conditions listed in 5-6-3(b). See People v. Brown, 484 N.E.2d 945, 947 (Ill.App.1985). The cases on which Castaneda relies are inapposite because they concerned the unavailability of appeal where sentence was not imposed after revocation of probation or at all, rather than any invalidation of the convictions under state law. See Friend, 533 N.E.2d at 411; Caballero, 464 N.E.2d at 238-39.
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Elmo B. Hunter, Senior United States District Court for the Western District of Missouri