69 F.3d 542
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Juan ORTIZ-GARCIA, Appellant.
 No. 94-4042.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Oct. 23, 1995.
Nov. 6, 1995.
 
 Before FAGG, LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 After a jury found Juan Ortiz-Garcia guilty of possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. Sec. 841(a)(1), the district court[1] sentenced him to 108 months imprisonment and five years supervised release. Ortiz-Garcia appeals his conviction and sentence. We affirm.
 
 
 2
 Ortiz-Garcia first raises a challenge to the sufficiency of the evidence supporting his conviction. At trial, the government presented the testimony of a cooperating witness, Michael Griffin, and agents with the Drug Enforcement Administration. The testimony showed that Ortiz-Garcia agreed to deliver two kilograms of cocaine to Griffin, and confirmed the agreement during a telephone conversation with him. On the scheduled day, Ortiz-Garcia placed a laundry basket in the back seat of a car outside the residence where he was staying, and drove the car to Griffin's place of business. Ortiz-Garcia was arrested as he pulled into the parking lot there. The government's forensics chemist testified that the laundry basket contained approximately 1.9 kilograms of cocaine.
 
 
 3
 Viewing this evidence in the light most favorable to the verdict, as we must, we conclude a reasonable jury could find beyond a reasonable doubt that Ortiz-Garcia possessed cocaine with intent to distribute. See United States v. Turk, 21 F.3d 309, 311 (8th Cir.1994). Ortiz-Garcia protests that Griffin's testimony was not credible, because he was cooperating to receive sentencing leniency. Griffin's credibility was a matter entrusted to the jury, however, and we note that the government revealed to the jury Griffin's prior convictions, cooperation agreement, and plea agreement. See id. at 312.
 
 
 4
 Ortiz-Garcia next argues that, at sentencing, the district court erroneously included in its drug-quantity finding two ounces of cocaine that Griffin testified Ortiz-Garcia had previously sold him. The district court was entitled to credit Griffin's testimony, and we conclude that the court did not clearly err in assessing drug quantity based on that testimony. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir.1993). Like the instant offense, the prior transactions involved the delivery of cocaine to Griffin's place of business, and they occurred more than once during the year preceding the offense of conviction. See U.S.S.G. Sec. 1B1.3, comment. (n. 9 & backg'd.) (describing factors appropriate in determining when quantities and types of drugs not specified in count of conviction are included in determining offense level in drug distribution case).
 
 
 5
 Finally, Ortiz-Garcia argues that the district court erred in assessing an obstruction-of-justice enhancement under U.S.S.G. Sec. 3C1.1. At trial, Ortiz-Garcia denied that he placed the laundry basket containing the cocaine in the car he was driving at the time of his arrest. The district court found this testimony was completely false and constituted perjury. That finding was not clearly erroneous, and was a proper basis for assessing the enhancement. See U.S.S.G. Sec. 3C1.1, comment. (n.3 (b)); United States v. Pena, No. 94-3750, slip op. at 6 (8th Cir. Oct. 5, 1995); United States v. Lambros, 1995 WL 527228 at * 3 (8th Cir. Sept. 8, 1995); Turk, 21 F.3d at 313. We reject Ortiz-Garcia's argument that the enhancement infringes on his right to maintain his innocence at trial. See United States v. Irons, 53 F.3d 947, 949 (8th Cir.1995).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE WILLIAM G. CAMBRIDGE, Chief Judge, United States District Court for the District of Nebraska