74 F.3d 1244
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Edward L. CLARK, Appellant.
 No. 95-1942.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 7, 1995.
Filed Dec. 22, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 While driving a truck with his brother as a passenger, Edward L. Clark was stopped for a traffic violation. A search revealed over nine kilograms of cocaine hidden in the gas tank. Clark pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) (1994). He appeals, challenging the seventy-month sentence imposed by the District Court,[1] and we affirm.
 
 
 2
 In his amended objections to the presentence report, Clark argued he was entitled to a four-level minimal participant reduction under U.S.S.G. Sec. 3B1.2(a) (1994) because his brother developed the plan to transport cocaine, Clark was unaware of the entire scope of his brother's drug trafficking activity, and he was thus less culpable than his brother. The government objected to the four-level reduction, but conceded that a two-level minor participant reduction under U.S.S.G. Sec. 3B1.2(b) would be proper. The District Court granted Clark a two-level reduction, which Clark now contends was error.
 
 
 3
 Absent clear error, we will not reverse a district court's decision to grant a minor participant instead of a minimal participant reduction. United States v. Copeland, 45 F.3d 254, 255 (8th Cir.1995). Section 3B1.2(a) provides for a four-level reduction where, "[b]ased on the defendant's role in the offense ... the defendant was a minimal participant." Before it can grant such a reduction, which it should do infrequently, the district court must find the defendant to be " 'plainly among the least culpable of those involved in the conduct of a group.' " United States v. Turk, 21 F.3d 309, 314 (8th Cir.1994) (quoting U.S.S.G. Sec. 3B1.2, comment. (n.1)). We conclude Clark failed to meet his burden of proving he was entitled to the reduction. See United States v. Thompson, 60 F.3d 514, 517 (8th Cir.1995) (discussing burden of proof).
 
 
 4
 Clark presented no evidence as to his brother's role in the offense, but simply argued he was less culpable than his brother. Such conclusory arguments do not warrant a minimal participant reduction. See Copeland, 45 F.3d at 255-56. Consequently, the District Court did not err in denying Clark a minimal participant reduction merely because his brother was arguably more culpable. See United States v. Nelson, 988 F.2d 798, 810 (8th Cir.) (refusing to grant defendant minimal participant reduction simply because others in the scheme were more culpable), cert. denied, 114 S.Ct. 302 (1993); cf. United States v. Logan, 49 F.3d 352, 360 (8th Cir.1995) (holding defendant not entitled to minor participant reduction simply because he was less culpable than co-defendants). Even if--as he contends on appeal--Clark served mainly as a courier within the meaning of application note 2 to section 3B1.2, this does not automatically entitle him to a reduction, especially given the large amount of drugs involved. See United States v. Garvey, 905 F.2d 1144, 1146 (8th Cir.1990) (per curiam) (refusing to grant courier minimal-participant reduction based on significant amount of drugs involved). The record adequately supports the District Court's finding that Clark was a minor participant and not a minimal participant. That finding is not clearly erroneous.
 
 
 5
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri