79 F.3d 1151
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Rosalind ARTISON-KOENNING, Appellant.
 No. 94-3635.
 United States Court of Appeals, Eighth Circuit.
 Submitted: March 5, 1996.
Filed: March 13, 1996.
 
 Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rosalind Artison-Koenning challenges the 41-month sentence imposed by the District Court[1] after she pleaded guilty to aiding and abetting interstate travel with intent to promote the distribution of cocaine, in violation of 18 U.S.C. §§ 1952(a) and 2. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and was granted leave to withdraw. Artison-Koenning was given an opportunity to file a supplemental brief, but did not do so. We affirm.
 
 
 2
 In his Anders brief, counsel first suggests the District Court erred in not departing downward under U.S.S.G. § 5H1.3 (Mental and Emotional Conditions), § 5H1.4 (Physical Condition), or § 5K2.13 (Diminished Capacity). We cannot review this contention, as the sentencing transcript demonstrates that the District Court was clearly aware of its authority to depart but exercised its discretion not to do so. See United States v. Jackson, 56 F.3d 959, 960 (8th Cir.1995) (§ 5K2.13); United States v. Kessler, 48 F.3d 1064, 1065 (8th Cir.1995) (§ 5H1.4); United States v. Pinnick, 47 F.3d 434, 439 (D.C.Cir.1995) (§ 5H1.3).
 
 
 3
 Counsel next suggests the District Court erred in not granting Artison-Koenning a four-level minimal-participant reduction under U.S.S.G. § 3B1.2(a), rather than a two-level minor-participant reduction under U.S.S.G. § 3B1.2(b). We conclude the District Court did not clearly err in finding Artison-Koenning was entitled to a two-level, but not a four-level, reduction. United States v. Copeland, 45 F.3d 254, 255 (8th Cir.1995) (standard of review). Artison failed to sustain her burden of proving she was entitled to a four-level reduction, because she simply argued that she was less culpable than her co-defendants, and the offense involved almost 1.4 kilograms of cocaine. See id. at 255-56; United States v. Thompson, 60 F.3d 514, 517 (8th Cir.1995) (discussing burden); United States v. Garvey, 905 F.2d 1144, 1146 (8th Cir.1990) (per curiam) (district court can deny minimal-participant reduction based solely on presence of significant amount of drugs); see also United States v. Logan, 49 F.3d 352, 360-61 (8th Cir.1995) (defendant not entitled to minor-participant--much less minimal-participant--reduction simply because he was less culpable than co-defendant).
 
 
 4
 Finally, counsel suggests the District Court erred in not granting Artison-Koenning a three-level, rather than a two-level, acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1. We conclude the District Court did not clearly err in finding Artison was not entitled to an additional one-level reduction, because she pleaded guilty the day of trial and notified the government of her intention to do so only two days earlier, thus preventing the government from avoiding having to prepare for trial. See U.S.S.G. § 3E1.1(b)(2); Thompson, 60 F.3d at 517.
 
 
 5
 Having carefully reviewed the record, we have found no other nonfrivolous issue for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988).
 
 
 6
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Robert G. Renner, United States District Court Judge for the District of Minnesota