_____

No. 96-1618NE
_____

United States of America,            *
                                     *
            Appellee,                *    Appeal from the United States
                                     *    District Court for the District
    v.                               *    of Nebraska.
                                     *
Danny W. Crosby,                     *    [PUBLISHED]
                                     *
            Appellant.               *
_____

                Submitted:  September 13, 1996

                Filed:  September 27, 1996
_____

Before FAGG, LAY, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Danny W. Crosby appeals his conviction and sentence for conspiracy
to distribute and possess with intent to distribute methamphetamine.
Unlike Crosby, we conclude there was ample evidence to support his
conviction.  Crosby's coconspirators testified that Crosby financed trips
to pick up methamphetamine, received a share of the drugs, and had
conversations with them about selling methamphetamine.  Also, a drug
enforcement agent testified that the amounts of methamphetamine Crosby
possessed were consistent with distribution rather than personal use.  The
witnesses' credibility was for the jury to decide.  United States v.
Reeves, 85 F.3d 203, 206 (8th Cir. 1996).

     Challenging his sentence, Crosby first argues the district court
erroneously attributed to him certain amounts of methamphetamine that his
coconspirators purchased without Crosby's knowledge or delivered to Crosby
for Crosby's personal use only.

The district court did not commit clear error, however, because there was evidence showing Crosby reasonably should have foreseen the total amount of drugs purchased, and Crosby sold the drugs he received rather than using them himself.  United States v. Flores, 73 F.3d 826, 833 (8th Cir.), cert. denied, 116 S. Ct. 2568 (1996).

Next, Crosby argues the district court improperly increased Crosby's base offense level for obstruction of justice.  See U.S.S.G. § 3C1.1 (1995).  According to Crosby, the district court simply relied on the jury's rejection of his testimony without making an express finding that Crosby had committed perjury.  Contrary to Crosby's view, the sentencing transcript shows the district court expressly found that Crosby had lied about his involvement in the drug conspiracy.  Further, the district court documented each element of the alleged perjury in keeping with the Supreme Court's requirement in United States v. Dunnigan, 507 U.S. 87, 95 (1993). We thus conclude the district court's finding that Crosby had testified falsely was properly based on the court's independent evaluation of Crosby's trial testimony.  See United States v. Turk, 21 F.3d 309, 313 (8th Cir. 1994).  We do recommend, however, that sentencing judges make clear they have evaluated the defendant's testimony in a light most favorable to the defendant.  See United States v. Willis, 940 F.2d 1136, 1140 (8th Cir. 1991) (citing § 3C1.1 n.1).

Additionally, the record supports the district court's determination that Crosby was more than a minimal or minor participant in the conspiracy, see U.S.S.G. § 3B1.2(a)-(b), and Crosby is not entitled to a decrease in his base offense level merely because his coconspirators were the ringleaders and received less severe sentences.  United States v. Rodamaker, 56 F.3d 898 (8th Cir. 1995); see Reeves, 83 F.3d at 207.  Also, the district court did not abuse its discretion in refusing to grant Crosby a downward departure based on Crosby's difficult family circumstances at the time he joined the conspiracy.  See Koon v. United States,

116 S. Ct. 2035, 2046 (1996). The Sentencing Guidelines discourage downward departures based on family ties and responsibilities, see U.S.S.G. § 5H1.6, and the district court properly determined Crosby's situation was not exceptional enough to warrant a departure, especially since Crosby continued his criminal conduct after his family situation improved, see Koon, 116 S. Ct. at 2045.

Having rejected Crosby's contentions, we affirm his conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.