# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1657

_____

United States of America,            *
                                     *
       Plaintiff-Appellee,       *
                                     *   Appeal from the United States
   v.                                *   District Court for the District of
                                     *   South Dakota
Wallace J. Eagle, Jr.                *
                                     *
       Defendant-Appellees.      *

_____

Submitted: October 22, 1997
Filed:  January 7, 1998

_____

Before BEAM and FLOYD R. GIBSON, Circuit Judges, and WEBB,[1] Chief District
Judge.

_____

WEBB, Chief District Judge.


    Wallace J. Eagle, Jr. appeals his jury conviction for aggravated
sexual assault, 18 U.S.C. §§ 2241(a)(1), and 1153.  Eagle contends (1)
there was insufficient evidence to support his conviction, (2) the district
court[2] erred by admitting the testimony of Dr.

---

[1]The Honorable Rodney S. Webb, Chief United States District Judge for the
District of North Dakota, sitting by designation.

[2]The Honorable Charles B. Kornmann, United States District Judge for the
District of South Dakota.

Likness concerning an exam of the victim performed three months after the assault, (3) the district court erroneously applied a two point enhancement for obstruction of justice, and (4) a downward departure was required due to the defendant's poor health. We affirm.

## I. Background

Wallace Eagle, Jr. lived with his father near Waubay, South Dakota. Their next door neighbor would often send her granddaughter over with meals. On February 23, 1996, the granddaughter took a meal to the Eagle household. During this visit, Eagle showed the girl magazines and videos depicting sexual acts. He then pushed her down on the bed and took off her clothes. According to the victim, Eagle penetrated her vagina with his fingers, a rubber object, and his penis.

At the time of the assault, the victim was 13 years old and had the mental ability of a 7 year old. Eagle knew the victim from the time she was born and knew that she was mentally handicapped.

The day after the incident, the victim was examined by Dr. Bloom. However, Dr. Bloom did not use a rape kit, and did not examine the interior of the vagina. Three months after the incident, the victim was examined by Dr. Likness who found "remnants or tags of the hymenal membrane," and that the hymen "was easily distensible" or "stretchable." He testified at trial that this was consistent with the history given by the victim concerning the sexual assault.

## II. Discussion.

Eagle first argues that there was insufficient evidence to support the conviction on the force element of the offense. "The verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable jury to conclude guilt

beyond a reasonable doubt.  Decisions regarding credibility of witnesses are to be resolved in favor of the jury's verdict." <u>United States v. Goodlow</u>, 105 F.3d 1203, 1206 (8th Cir. 1997) (citations omitted).  "We will reverse the jury's verdict only if the evidence . . . is such that a reasonable minded jury must have entertained a reasonable doubt as to the government's proof of one of the essential elements of the offense." <u>United States v. Suppenbach</u>, 1 F.3d 679, 682 (8th Cir. 1993) (citations omitted).

The essential elements of aggravated sexual abuse under 18 U.S.C. §§ 2241(a)(1) and 1153 are: (1) defendant is an Indian; (2) defendant caused another to engage in a sexual act; (3) defendant used force or the threat of force to cause an individual to engage in a sexual act; and (4) the events occurred on Indian land. <u>See</u> <u>Goodlow</u>, 105 F. 3d at 1206.  The defense claims that there was insufficient evidence to support a conviction for the third element -- use of force.  Sufficient force exists if the defendant overcomes, restrains, or injures the victim or if the defendant uses a threat of harm sufficient to coerce or compel submission. <u>See</u> <u>United States v. Fire Thunder</u>, 908 F.2d 272, 274 (8th Cir. 1990).

Eagle argues that the only evidence of force before the jury was the victim's testimony that Eagle pushed her.  This is not the case.  The victim testified that the contact Eagle had with her was painful.  Dr. Likness and Dr. Bloom both testified about conversations with the victim where she reported that the acts Eagle had performed on her hurt. She told Dr. Likness that she had been "raped", and that Eagle had pushed her on the bed.  From this evidence, a jury could reasonably conclude that the victim had been forced to engage in a sexual act.

The jury also viewed the victim's demeanor and body language while testifying.  The district court in denying the motion for new trial stated that the "court also personally observed the victim's obvious fear of the defendant, at least three times during her testimony."  This comment by the judge is not evidence, and can not be used to prove an element of the offense.  However, the judge observed the same testimony

as the jury, and his comment illustrates how the credibility of the victim as a witness may have been viewed by a reasonable jury.

Next, Eagle argues that the testimony of Dr. Likness should have been barred under Rules 401 and 403 of the Federal Rules of Evidence as being remote in time, irrelevant, and more prejudicial than probative.  Eagle moved to exclude this testimony before trial and the motion was denied.

"The admission or exclusion of evidence is committed to the sound discretion of the district court and will not be disturbed unless there has been a clear abuse of discretion." <u>United States v. Turner</u>, 104 F.3d 217, 221 (8th Cir. 1997).  The jury was made aware of the timing of Dr. Likness' exam, and the defense presented two doctors to contradict Dr. Likness' findings.  The first was Dr. Bloom, the doctor who examined the defendant the day following the assault, and the second was Dr. Born, who testified that  Dr. Likness' theory of the case was flawed.

The testimony of Dr. Likness was more corroborative than direct.  His testimony was relevant in that it showed the medical status of the girl at a particular moment in time.  He testified as to what he found in the exam and related that these findings would be consistent with the events related by the victim.  The jury was made aware of the flaws inherent in Dr. Likness' exam.  The jury was able to weigh the merits of competing medical evidence and come to a decision.

This evidence was not so remote, nor so removed from the case, that it became irrelevant.  Neither was the evidence so prejudicial that we can say the district court judge abused his discretion in allowing Dr. Likness to testify.

Eagle also challenges two decisions made by the district court during the sentencing phase.  First, he objects to a two point enhancement for obstruction of justice under U.S.S.G. § 3C1.1.  Our review of whether the defendant's conduct

warrants an obstruction of justice enhancement is de novo as this is a legal interpretation of a guideline term. See United States v. Walcott, 61 F.3d 635, 639 (8th Cir. 1995), cert. denied, 116 S.Ct. 953 (1996).

A two point enhancement is warranted where the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Walcott, 61 F.3d at 639 (quoting U.S.S.G. § 3C1.1). Comment 3(e) to U.S.S.G. § 3C1.1 explains that the enhancement applies to instances of "willfully failing to appear, as ordered, for a judicial proceeding."

Eagle was initially arrested near Eagle Butte, South Dakota. He was transported to Aberdeen, South Dakota, and there he was taken to the hospital by authorities. Eagle told the authorities that he would check himself into the hospital, and come to court the next morning. He did not check into the hospital, nor did he appear in court the next day. Instead, Eagle went to Waubay, South Dakota. He was rearrested four days later in Eagle Butte. Eagle knew he was to be in court and decided not to appear. Clearly, Eagle "willfully" failed to appear at the judicial proceeding and therefore, the district court properly applied a two point sentencing enhancement for obstruction of justice.

Defendant, presently 42 years of age, has numerous physical limitations including glaucoma, septic arthritis, uncontrolled hypertension, possible avascular necrosis, degenerative arthritis in both hips and requires a total hip replacement. Because of these impairments, Eagle asserts that the district court should have departed downward under U.S.S.G. § 5H1.4, which states:

> Physical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm defendant, home

detention may be as efficient as, and less costly than, imprisonment.

The trial court found that Eagle had serious health problems, but specifically found "there is no evidence that the defendant's disability prevents him from being managed in prison." The district court's refusal to depart downward was an exercise of discretion. "We have repeatedly held that a district court's discretionary refusal to depart downward is not reviewable." United States v. Kessler, 48 F.3d 1064, 1065 (8th Cir. 1995). As such we do not reach this issue.

For the foregoing reasons, we affirm the jury conviction and the sentence of the district court.[3]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

_____

[3]A few days before this case was scheduled for hearing before this court, Eagle sent two handwritten letters to this court. Eagle also sent a letter after the hearing and while the case was under advisement. The letters chronicled the defendant's life and explained how he could not have committed the crime. These letters were an improper communication with the court. There are proper procedures for bringing matters before the court, and this is not one of them. As such, these letters were not considered in this decision.