# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4165

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Michelle Leigh Dunn, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 6, 1999
Filed:  May 11, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

PER CURIAM.

Based on her participation in the May 1995 burning of property belonging to a predominately African-American church in Shirley, Arkansas, Michelle Leigh Dunn pleaded guilty to conspiracy to deny civil rights, in violation of 18 U.S.C. § 241.  She appeals, challenging the 30-month sentence imposed by the district court.[1]  We affirm.

_____

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

In her objections to the presentence report (PSR), Dunn argued that she was entitled to a 4-level minimal-participant reduction under U.S. Sentencing Guidelines Manual § 3B1.2(a) (1998). After Dunn's counsel reiterated the details of Dunn's role in the offense, the court replied that it would not grant Dunn a minimal-participant reduction unless the government agreed to it, and overruled Dunn's objection. On appeal, Dunn argues that the district court did not recognize its ability to grant a role reduction; alternatively, Dunn argues that the district court clearly erred in denying her the role reduction.

Contrary to Dunn's first argument, we conclude the district court's statements, taken as a whole, indicate it was aware of its authority to grant her a role reduction. See United States v. Nichols, 151 F.3d 850, 855 (8th Cir. 1998).

As for the second argument, we review for clear error the district court's factual determinations concerning role in the offense, and for abuse of discretion the court's decision to deny a minimal-role adjustment. See United States v. Snoddy, 139 F.3d 1224, 1226-27 & n.1 (8th Cir. 1998). Section 3B1.2(a) provides for a 4-level reduction where, "[b]ased on the defendant's role in the offense . . . the defendant was a minimal participant." Before it can grant such a reduction--which it should do infrequently--the district court must find the defendant to be "'plainly among the least culpable of those involved in the conduct of a group.'" United States v. Turk, 21 F.3d 309, 314 (8th Cir. 1994) (quoting U.S.S.G. § 3B1.2, comment. (n.1)). We conclude that Dunn failed to meet her burden of proving that she was entitled to the reduction. See United States v. Thompson, 60 F.3d 514, 517 (8th Cir. 1995) (burden on defendant).

Based on defense counsel's summation at sentencing, Dunn's involvement in virtually all of the acts undertaken in furtherance of the conspiracy--approving of the plan to burn the property, accompanying her codefendants during the preparation for and commission of the offense, and agreeing to keep the offense secret afterward--was, we conclude, not an "isolated unsubstantial instance." See Nichols, 151 F.3d at 854

(concluding defendant was not entitled to role reduction based on her involvement in virtually all acts of conspiracy to rob bank; defendant's "involvement was not an isolated unsubstantial instance" (quoted case omitted)).  We further note that Dunn never challenged the PSR's factual account, which attributed to Dunn and a codefendant the plan to use gasoline to burn the property.  See United States v. Jones, 145 F.3d 959, 963 (8th Cir.) (defendant who is concededly less culpable than his codefendants is not entitled to minor-participant reduction if he was deeply involved in criminal acts), cert. denied, 119 S. Ct. 457 (1998).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.