# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3339

_____

United States of America,      *
                          *

       Appellee,      *

                          *

     v.      *   Appeal from the United States

                          *   District Court for the

Charles C. Gibson, Jr., also know as    *   Eastern District of Missouri.
Chuck Gibson,      *

                          *      [UNPUBLISHED]

       Appellant.      *

_____

Submitted: March 3, 2000
Filed: March 10, 2000

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Charles C. Gibson, Jr. appeals from the final judgment of the district court[1] after he pleaded guilty to one count of conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); one count of conspiring to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h); and four counts of money laundering, in

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. Gibson also consented to two counts of property forfeiture. The district court sentenced him to concurrent terms of 360 months imprisonment on his conspiracy and possession-with-intent-to-distribute counts, and 240 months on his money laundering counts, to be followed by five years supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing for reversal that the district court violated Gibson's due process rights by "failing to conduct an adequate factual finding" on whether Gibson's extraordinary physical impairment warranted a downward departure under U.S. Sentencing Guidelines Manual § 5H1.4 (1997).

We reject counsel's argument that the district court violated Gibson's due process rights. See United States v. Granados, No. 98-2488, 2000 WL 98630 at *2 (8th Cir. Jan. 31, 2000) (district court has discretion to determine appropriate procedure in conducting sentencing hearing, including whether to receive additional evidence); United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam) (due process violation is established only if defendant shows district court relied on materially false information as basis for challenged sentence). To the extent the due process argument is actually an attack on the district court's discretionary refusal to depart, such a challenge is unreviewable. See United States v. Eagle, 133 F.3d 608, 611 (8th Cir. 1998) (district court's discretionary refusal to depart downward under § 5H1.4 is not reviewable).

After review of counsel's Anders brief, along with our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.